**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE JOSEPH VASQUEZ, | No. 09-16903 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00685-JAM |
| v. | |
| JAMES A. YATES, Warden, et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Jesse Joseph Vasquez appeals from the district
court's order denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction
under 28 U.S.C. § 2253, and we affirm.

Vasquez contends that the state court violated his due process rights by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

allowing his conspiracy sentence to be enhanced on the basis of a jury drug-weight finding that did not require Vasquez's knowledge of the specific drug weight involved.

Under California law, drug conspiracy sentences may be enhanced on the basis of weight allegations found true by a jury without a showing of the defendant's actual knowledge of the quantity of drugs involved, as long as the jury is instructed on the necessity of finding the defendant's "substantial involvement" in the planning, direction, execution, or financing of the conspiracy and its objective and makes a finding that the weight allegation is true. *See* Cal. Health & Safety Code § 11370.4(a)(5) (West 2002); *People v. Chevalier*, 70 Cal. Rptr. 2d 482, 485 (Cal. Ct. App. 1997). Neither this California sentencing provision nor the state court's decision affirming its application in this case is contrary to or an unreasonable application of any clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Contrary to Vasquez's assertion, nothing in *Pinkerton v. United States,* 328 U.S. 640 (1946), requires a contrary result.

**AFFIRMED**.